(R.D. 11270)

BESTWAY PRODUCTS, INC. *v.* UNITED STATES

Entry No. 932419.

(Decided March 6, 1967)

*Herman Golden* (*Judson L. Levin* of counsel) for the plaintiff.

*Barefoot Sanders*, Assistant Attorney General (*Bernard J. Babb*, trial attorney), for the defendant.

FORD, Judge: This appeal for a reappraisement has been filed against an importation of nine moulds used for making plastic articles. The merchandise was appraised at various values on the basis of constructed value, as defined in section 402(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165. It has been agreed by the parties that the merchandise does not appear on the final list as promulgated in 93 Treas. Dec. 14, T.D. 54521.

Plaintiff contends the merchandise should have been appraised on either export value, United States value, or American selling price, as defined in sections 402(b), 402(c), and 402(e), Tariff Act of 1930, as amended, *supra*, at the following values as set forth in plaintiff's statement of claim filed pursuant to Rule 15(d) of the Rules of the United States Customs Court:

The unit value of the merchandise claimed to be correct is as follows:

| DESCRIPTION | APPROXIMATE UNIT VALUE |
|---|---|
| Comb, lipstick and ashtray base | $35. |
| Ball fleet [sic] mould | 20. |
| Ashtray mould | 25. |
| Tumbler mould | 20. |
| Paper basket mould | 45. |
| Tissue dispenser mould | 50. |
| Lipstick accessories mould | 20. |
| Cotton wool dispenser mould | 45. |
| Comb, trinket box and powder mould | 40. |
| Total | $300. |

The record herein consists of the testimony of two witnesses called on behalf of plaintiff, the first being Mr. Abraham I. Massler who is a majority stockholder of the plaintiff herein. The witness testified that he was instrumental in obtaining the imported used moulds from a company in England; that they are single cavity moulds which, upon importation, he found had pitmarks and holes and the channels were clogged; that the articles produced therefrom were not salable;

that, in his opinion, there was no market for single cavity moulds in the United States; and that there would be a very small market, if any, for merchandise of this kind in England.

The balance of the testimony of this witness related to the use of moulds for producing plastic articles.

The second witness called on behalf of plaintiff testified that he had seen the imported moulds and that, in his opinion, they were defective and unmarketable. The witness testified further that the merchandise produced therefrom was not salable.

By virtue of the statutory provision contained in 28 U.S.C., section 2633, there attaches to the appraisement a presumption of correctness. A party challenging an appraisement is faced with a twofold burden. In order to establish a *prima facie* case, he must show by a preponderance of credible evidence that the appraised values are erroneous and that the claimed values are the correct dutiable values.

The appraisement herein was made on the basis of constructed value, as defined in section 402(d), Tariff Act of 1930, as amended, *supra*. Consequently, the plaintiff herein must establish that the basis of constructed value is erroneous and further establish that either export value, United States value, or American selling price is the proper basis. The record herein is barren of any evidence which would establish an export value such as the price at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal markets, in the usual wholesale quantities and in the ordinary course of trade. The record in fact establishes that there is little, if any, market involving used moulds for export to the United States; therefore, plaintiff has failed to establish export value as the basis of appraisement.

Similarly, the record is barren of any evidence which would tend to support United States value under section 402(c), Tariff Act of 1930, as amended, *supra*. The only testimony contained in the record negates the existence of a United States value since it has been established that there is no market for items such as are involved herein.

The claim for American selling price under section 402(e) advanced by plaintiff herein is not well taken. American selling price is applicable only to competitive coal-tar products under paragraphs 27 and 28, Tariff Act of 1930, and to such articles which are subject to valuation under said basis by reason of a Presidential proclamation putting into effect the recommendations of the tariff commission as a result of a cost of production investigation under section 336, Tariff Act of 1930.

Accordingly, plaintiff has failed to overcome the presumption of correctness attaching to the action of the appraiser involved herein.

I find the following as matters of fact:

1. The imported merchandise consists of certain used moulds for making plastic articles.

2. The merchandise was appraised on the basis of constructed value, as defined in section 402(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165.

3. That such merchandise does not appear on the final list promulgated in 93 Treas. Dec. 14, T.D. 54521.

4. Such or similar merchandise, at the time of exportation, was not freely sold or offered for sale either in the principal markets of the country of exportation for exportation to the United States or in the principal markets of the United States for domestic consumption, in the usual wholesale quantity and in the ordinary course of trade.

5. The imported article is not an article subject to appraisement on the basis of the Ameriacn selling price of a domestic article.

6. Plaintiff has failed to overcome the presumption of correctness attaching to the appraised value.

I conclude as matters of law:

1. The proper basis of value for the imported merchandise is constructed value, as defined in section 402(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165.

2. Such values are the appraised values herein.

Judgment will be entered accordingly.